UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANCES B. CUTRI,                          :
                                           :CIVIL ACTION NO. 3:06-CV-2016
           Plaintiff,                      :
                                           :(JUDGE CONABOY)
                                           :(Magistrate Judge Blewitt)
           v.                              :
                                           :
MICHAEL J. ASTRUE, Commissioner            :
of Social Security,                        :
                                           :
           Defendant.                      :
                                           :

---

**MEMORANDUM**

Here we consider Magistrate Judge Thomas M. Blewitt's Report

and Recommendation (Doc. 8) regarding Plaintiff's appeal of the

denial of her claim for Disability Insurance Benefits ("DIB") under

Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433.

The Magistrate Judge recommends Plaintiff's Appeal be denied with

respect to all claims except her claim that the ALJ failed to

determine whether her severe impairment of diabetes met or equaled

a Listing.  (Doc. 8 at 20.)

Because Defendant has filed an objection to the recommended

disposition (Doc. 9), we will make a *de novo* determination

regarding the matter to which Defendant has objected.  *See* 28

U.S.C. § 636(b)(1)(C).  We will otherwise review the record for

clear error.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see*

*also Cruz v. Chater*, 990 F. Supp 375, 377 (M.D. Pa. 1998).

Defendant's objection requires us to determine whether the

1

Administrative Law Judge ("ALJ") sufficiently explained his
decision at Step Three of the evaluation process.  (*See* Doc. 8.)
After a thorough examination of the record, we conclude the ALJ
inadequately explained his decision at Step Three.  We also
conclude additional analysis is warranted at Step Four for further
consideration of Plaintiff's residual functional capacity.  We find
no clear error in the Magistrate Judge's determination that remand
is not required regarding Plaintiff's other claimed errors.
Therefore, pursuant to relevant legal authority, we adopt the
Magistrate Judge's Report and Recommendation (Doc. 8) as modified
and conclude this case must be remanded to the Commissioner for
further consideration at Steps Three and Four of the required
analysis.

## I. Evaluation Process

The Commissioner is required to use a five-step analysis to
determine whether a claimant is disabled.[1]  It is necessary for the

---

[1]  "Disability" is defined as the "inability to engage in any
substantial gainful activity by reason of any medically
determinable physical or mental impairment which can be expected to
result in death or which has lasted or can be expected to last for
a continuous period of not less that 12 months . . . ."  42 U.S.C.
§ 423(d)(1)(A).  The Act further provides that an individual is
disabled

> only if his physical or mental impairment or
> impairments are of such severity that he is not
> only unable to do his previous work but cannot,
> considering his age, education, and work
> experience, engage in any other kind of
> substantial gainful work which exists in the
> national economy, regardless of whether such

Commissioner to ascertain: 1) whether the applicant is engaged in a substantial activity; 2) whether the applicant is severely impaired; 3) whether the impairment (or combination of impairments) matches or is equal to the requirements of one of the listed impairments, whereby he qualifies for benefits without further inquiry; 4) whether the claimant can perform his past work; 5) whether the claimant's impairment together with his age, education, and past work experiences preclude him from doing any other sort of work. *See Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 888-89 (1990); 20 C.F.R. §§ 416.920(a)-(f).  Step Four requires the assessment of the claimant's "residual functional capacity," defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."  *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999) (*citing* 20 C.F.R. § 404.1545(a)).

     The disability determination involves shifting burdens of proof.  The initial burden rests with the claimant to demonstrate that he or she is unable to engage in his or her past relevant work.  If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person

---

          work exists in the immediate area in which he
          lives, or whether a specific job vacancy exists
          for him, or whether he would be hired if he
          applied for work.

42 U.S.C. § 423(d)(2)(A).

with the claimant's abilities, age, education, and work experience can perform.  *Mason v. Shalala*, 993 F.2d 1058, 1064 (3d Cir. 1993).

## II. Background

We adopt the procedural and factual backgrounds set out by the Magistrate Judge in his Report and Recommendation.  Because of the limited nature of Defendant's objection, we will set out only the facts relevant to the objection – facts derived from the Report and Recommendation (Doc. 8 at 1-11) unless otherwise noted.

Plaintiff filed an application for DIB on June 30, 2004, alleging disability since January 12, 2003, due to lower back pain, diabetes and depression.  After going through the necessary administrative procedures, Plaintiff had a hearing before an ALJ who issued a decision on January 10, 2006, finding Plaintiff was not disabled under the Act.

The ALJ concluded at Step Two of the evaluation process that Plaintiff's degenerative disc disease and non-insulin dependent diabetes mellitus were severe impairments and her depression was not a severe impairment.  At Step Three of the process, the ALJ cited specific listings relating to Plaintiff's lumbar spine impairment and concluded her severe spine impairment did not meet or medically equal the requirements of a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1.  Of particular significance here is the fact that, at Step Three of the evaluation process, the ALJ did not consider Plaintiff's diabetes, an impairment he had

4

found "severe" at Step Two.  Nor did the ALJ consider Plaintiff's combination of impairments.  Without discussing Plaintiff's diabetes, the ALJ made the following finding: "The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1, Regulations No. 4 (20 CFR § 404.1520(d))." (R. at 19.)

The ALJ then went on to conclude Plaintiff had the residual functional capacity to perform sedentary work, that she could not do her past relevant work, and that significant jobs which Plaintiff could do existed in the national economy.  Therefore, the ALJ found Plaintiff not disabled at Step Five of the evaluation process.

The Magistrate Judge concluded substantial evidence supported the ALJ's determination that Plaintiff's depression was not a severe impairment at Step Two of the evaluation process (Doc. 8 at 15) and, at Step Three, Plaintiff's spinal impairments did not meet or equal the requirements of a listed impairment (*id.* at 12). However, the Magistrate Judge also concluded the ALJ did not properly consider whether Plaintiff's other severe impairment, diabetes, or the combination of her impairments met or equaled a listed impairment.  (*Id.* at 13-15.)  The Magistrate Judge recommends remand for proper evaluation of these considerations. (*Id.* at 14-15.)  Finally, the Magistrate Judge concluded the ALJ

5

did not err in finding Plaintiff capable of sedentary work.  (*Id.* at 17-19.)

Plaintiff having filed no objections, the only objection raised to the above findings is Defendant's contention that remand is not required for additional consideration of Step Three of the evaluation process.  (Doc. 9.)  Plaintiff has not filed a response to Defendant's objection and the time for such filing has passed.

### III. Discussion

**A.   *Standard of Review***

This Court's review of the Commissioner's final decision is limited to determining whether there is substantial evidence to support the Commissioner's decision.  42 U.S.C. § 405(g); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  A reviewing court is "bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).  Substantial evidence means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Plummer*, 186 F.3d at 427 (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). Therefore, we will not set aside the Commissioner's final decision if it is supported by substantial evidence, even if we would have reached different factual conclusions.  *Hartranft*, 181 F.3d at 360 (*citing Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91

(3d Cir. 1986); 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .").  An ALJ's decision can only be reviewed by a court based on the evidence that was before the ALJ at the time he or she made his or her decision. *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001).

**B.   *Defendant's Objection***

Defendant objects to the Magistrate Judge's determination that remand is required for a more detailed Step Three evaluation, the step at which the ALJ compares the claimant's severe impairment(s) or combination of impairments with listed impairments to determine whether there is a match or equivalency.  (Doc. 9 at 1.) Specifically, Defendant maintains the Magistrate Judge's conclusion is contrary to regulations and case law because his reliance on *Burnett v. Comm'r of Social Security*, 220 F.3d 112 (3d Cir. 2000), is misplaced and more recent Third Circuit precedent, particularly *Jones v. Barnhart*, 364 F.3d 501, 506 (3d Cir. 2004), indicates the detailed analysis which the Magistrate Judge found lacking is not required to uphold an ALJ's decision.  (Doc. 9 at 2-4.)  We disagree and conclude that here the ALJ's complete lack of discussion at Step Three of the evaluation process of an impairment he found severe at Step Two is error and cause for remand.

In *Burnett*, the Third Circuit Court of Appeals concluded remand was required where an ALJ does not identify the specific

listed impairments or explain his reasoning and makes only a conclusory statement at Step Three of the required sequential analysis. *Burnett*, 220 F.3d at 119-20. The court remanded the case for a discussion and explanation of reasoning supporting the determination that the plaintiff's "severe" impairment did not meet or equal a listed impairment. *Id.* at 120.

In *Jones v. Barnhart*, the Third Circuit Court of Appeals clarified that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Id.* at 505. The court concluded that, although the ALJ did not identify a particular listing, the ALJ had adequately performed the Step Three evaluation because the ALJ discussed the evidence pertaining to the claimant's severe respiratory condition and meaningful appellate review was possible. *Id.* In verifying the attempt to limit the *Burnett* holding, unpublished Third Circuit decisions clarify it is not necessary at Step Three for the ALJ to identify or analyze the most relevant listing. *See*, *e.g.*, *Sassone v. Comm'r of Social Security*, 165 Fed. Appx. 954, 959 (3d Cir. 2006) (not precedential).

Although we agree with Defendant that no precise language is needed for the ALJ's Step Three evaluation to be found acceptable, we conclude the ALJ here did not do the bare minimum required even

in more recent Third Circuit decisions on the issue.  Defendant

principally relies on *Jones* and several unpublished Third Circuit

decisions in support of his position.  (Doc. 9 at 4 (*citing Jones*,

364 F.3d at 506; *Sassone v. Comm'r of Social Security*, No. 05-2089,

2006 WL 151812 (3d Cir. Jan. 20, 2006); *Ballardo v. Barnhart*, No.

02-4124, 2003 WL 21467240 (3d Cir. June 20, 2003); *Sentyz v.

Barnhart*, No. 03-1503, 2003 WL 22956015 (3d Cir. Nov. 13, 2003);

*Cadillac v. Barnhart*, No. 03-2137, 2003 WL 22937950 (3d Cir. Dec.

10, 2003); *Sykes v. Barnhart*, No. 03-1665, 2003 WL 23019202 (3d

Cir. Dec. 24, 2003)).)

   In *Jones* and all of the other unpublished decisions cited by

Defendant where the ALJ's Step Three evaluation was found adequate,

the ALJ had discussed the claimant's severe impairment(s) with

specificity.  *Jones*, 365 F.3d at 504-05; *Sassone*, 165 Fed. Appx. at

959; *Sykes v. Barnhart*, 84 Fed. Appx. 210, 213-14 (3d Cir. 2003)

(not precedential); *Sentyz v. Barnhart*, 83 Fed. Appx. 410, 411-12

(3d Cir. 2003) (not precedential); *Ballardo v. Barnhart*, 68 Fed.

Appx. 337, 338 (3d Cir. 2003) (not precedential).  Although the ALJ

in many cases did not identify the listing(s) considered, either

little explanation was required or the explanation was found

sufficient on appeal based on the circumstances.  *Id.*

   In *Cadillac v. Barnhart*, 84 Fed. Appx. 163, 167-68 (3d Cir.

2003) (not precedential), another case cited by Defendant, the

court concluded the ALJ had properly considered the individual

severe impairments, but did not adequately consider the combination or cumulative effect of impairments as required by the regulations. This failure constituted error and was cause for remand. *Id.* at 168.

Because here there was absolutely no mention at Step Three of Plaintiff's diabetes (*see* R. at 19), an impairment found "severe" at Step Two (R. at 18), we conclude this case is distinguishable from those where the ALJ's explanation was found adequate. Further, there is no indication the ALJ considered the combination of Plaintiff's impairments at Step Three.  Defendant has not pointed to any case where a complete lack of consideration of a "severe" impairment or combination of impairments at Step Three of the required evaluation process has been found acceptable pursuant to either *Burnett* or *Jones*.  Therefore, Defendant's cited authority does not contradict the Magistrate Judge's recommendation that remand is required for proper Step Three evaluation.[2]  Our conclusion that remand is appropriate in this case is reinforced by the notation in *Burnett* that it is appropriate to put the responsibility on the ALJ to identify the listed impairment given that "the nature of Social Security disability proceedings . . .

_____

[2]   In making this determination, we note Defendant supplements the ALJ's Step Three analysis. (*See* Doc. 9 at 4-5.) However, Defendant cannot now do what the ALJ should have done, *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 42, 44 n.7 (3d Cir. 2001), and, as discussed in the text, explicitly providing at least a minimal analysis of a claimant's severe impairments at Step Three is the ALJ's responsibility.

[is] 'inquisitorial rather than adversarial' and in which 'it is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'"  *Burnett*, 220 F.3d at 120 n.2 (*quoting Sims v. Apfel*, 530 U.S. 103, 110-11 (2000)).  Although precise language and citation to a specific listing is not required pursuant to *Jones*, we think this *Burnett* reasoning continues to apply to the ALJ's responsibility to conduct an adequate Step Three evaluation.

We further conclude the combined effect of multiple impairments, regardless of their severity, must also be considered in making the residual functional capacity ("RFC") assessment. *Burnett*, 220 F.3d at 122 (*citing* 20 C.F.R. § 404.1545).  Because we remand for the reasons discussed above, and because it appears the ALJ did not consider Plaintiff's diabetes in combination with her other impairments in arriving at his residual functional capacity determination, this assessment should also be reviewed.  Further review of Plaintiff's RFC should include consideration of Dr. Feinstein's IME completed on May 19, 2005, in which he opined Plaintiff is capable of only part-time work.  (*See* Doc. 8 at 14 (*citing* R. at 9, 182, 382).)

**C.   *Clear Error Review***

Because Plaintiff did not file objections to the Magistrate Judge's Report and Recommendation, we review his findings to which

no objection has been filed and which we have not discussed above for clear error.

Our review of the record reveals no clear error regarding the Magistrate Judge's determination the ALJ did not err at Step Three insofar as he concluded Plaintiffs back impairment (considered in isolation) did not meet or equal a listed impairment. (Doc. 8 at 12.)  We find no clear error in the Magistrate Judge's conclusion the ALJ did not err in finding Plaintiff's depression was not a "severe" impairment at Step Two of the evaluation process. (Doc. 8 at 16.)  Therefore, denial of Plaintiff's appeal as to these issues is appropriate.

## IV. Conclusion

Based on the foregoing discussion, the Report and Recommendation is adopted as modified.  Plaintiff's appeal is denied as to her claims regarding the ALJ's Step Two analysis of her depression and Step Three analysis of her back impairment. This case is remanded to the Commissioner for further consideration consistent with the Report and Recommendation as modified and this Memorandum.  An appropriate Order follows.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATE: July 18, 2007 _____

12

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANCES B. CUTRI,                      :
                                       :CIVIL ACTION NO. 3:06-CV-2016
          Plaintiff,                   :
                                       :(JUDGE CONABOY)
                                       :(Magistrate Judge Blewitt)
          v.                           :
                                       :
MICHAEL J. ASTRUE, Commissioner        :
of Social Security,                    :
                                       :
          Defendant.                   :
                                       :

---

### ORDER

AND NOW, THIS 18th DAY OF JULY 2007, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1.   The Magistrate Judge's Report and Recommendation, (Doc. 8), is **ADOPTED** as modified;

2.   Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner of Social Security for further consideration and proceedings consistent with this Memorandum and Order the Magistrate Judge's Report and Recommendation as modified;[3]

3.   The Clerk of Court is directed to enter judgment in

---

[3]   The fourth sentence of 42 U.S.C. § 405(g) provides that "[t]he courts shall have the power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security with or without remanding the cause for a re-hearing." Accordingly, the Clerk of Court will be directed to enter judgment in accordance with this Order. *See Kadelski v. Sullivan*, 30 F.3d 399 (3d Cir. 1994).

accordance with this Order and to mark the matter in this

Court **CLOSED**.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge